UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Clarence Davis,

    Plaintiff,

v.                                                                Civil Action No.

Capital One Financial Corporation,

    Defendant.

# CLASS ACTION COMPLAINT AND JURY DEMAND

## INTRODUCTION

1. Like most Americans, Plaintiff Clarence Davis ("Clarence") has a mobile cellular telephone.

2. Clarence uses his phone to receive and make important calls, to get emergency information and to receive and send messages to family members and friends. He uses his phone regularly for his personal enjoyment.

3. Defendant Capital One Financial Corporation ("Capital One") is a financial services company.

4. Capital One makes prerecorded calls to people with cellular telephones who are not Capital One customers, for non-emergency purposes and without consent.

5. Capital One knows that making prerecorded calls to people without their consent violates the Telephone Consumer Protection Act ("TCPA").

6. Despite this knowledge, Capital One makes tens of thousands of robocalls using prerecorded messages to non-customers, including Clarence, in violation of the TCPA.

7. These calls have caused Clarence and the Class members frustration, stress, and anxiety. The calls cause them to avoid looking at their phones or answering calls when it may have been important. The calls reduce their phones' storage and battery life. Personal time is lost.

In short, the calls invade their privacy, diminish the value of their phones and their enjoyment of life, and cause a nuisance, an annoyance, and an intrusion into their seclusion.

8. "In enacting the TCPA, Congress found that banning robocalls was 'the only effective means of protecting telephone consumers from this nuisance and privacy invasion.' … In plain English, the TCPA prohibited almost all robocalls to cell phones." *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2344, 207 L. Ed. 2d 784 (2020).

9. Because of Capital One's continuing violations of the law, Clarence brings this action for himself and for other similarly situated people in the United States to enjoin these abusive practices, and for damages.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C § 227.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant is located within this district, and a significant portion of the facts giving rise to this lawsuit occurred in this District.

## PARTIES

12. Plaintiff Clarence Davis is a resident of Philadelphia County, Pennsylvania.

13. Defendant Capital One Financial Corporation is a Delaware Corporation with its principal place of business in Fairfax County, Virginia.

## FACTUAL ALLEGATIONS

14. Clarence, and Class members, have had their privacy and the use of their cellular phones invaded by the prerecorded, non-emergency, calls from Capital One.

15. At all relevant times, Clarence was the residential subscriber of the cell phone number 267-778-8329.

16. Clarence is not now, and never has been, a customer of Capital One.

17. Capital One initiated at least six prerecorded calls to Clarence's cell phone between May 9, 2022 and May 14, 2022.

18. Capital One initiated the calls to Clarence and Class members using an artificial or prerecorded voice message. Capital One stated that when they can't reach a person, they leave a prerecorded message.

19. The calls appear to be to collect a debt from someone other than Clarence.

20. When the number which appears on the caller identification was called back, someone from Capital One answered the call stating that Capital One had made the calls.

21. Clarence never provided his phone number to Capital One.

22. Many people have reported unauthorized prerecorded calls from Capital One. Capital One is one of the largest robocallers in the country.

23. Capital One willfully made the calls.

24. These calls have caused Clarence and the Class members frustration, stress, and anxiety. The calls caused them to avoid looking at their phones and answering calls when it may have been important. The calls reduce their phones' storage and battery life. In short, the calls invade their privacy, diminish the value of their phones and their enjoyment of life, and cause a nuisance, an annoyance, and an intrusion into their seclusion.

## LEGAL STANDARD

25. **Prerecorded Calls**. Under the TCPA, an automatic, artificial, or prerecorded voice call to a cellular telephone service is unlawful other than a call made for emergency purposes or made with the prior express consent of the called party. Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A).). *See Facebook, Inc. v. Duguid,* 141 S. Ct. 1163, 1170, 209 L. Ed. 2d 272 (2021).

## CLASS ACTION ALLEGATIONS

26. Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself, and a Class of persons similarly situated in order to remedy the ongoing unlawful business practices alleged herein and to seek redress on behalf of all those persons who have been harmed thereby, including injunctive relief.

27. **Class Definitions.** Plaintiff proposes the following Class:

> **The Prerecorded Calls Class**. All persons or entities throughout the United States (1) to whom Capital One intiated a call (2) directed to a number assigned to a cellular telephone service, but not assigned to a current account holder of Capital One (3) in connection with which Capital One used an artificial or prerecorded voice, (4) from four years before the filing of this action through the date of class certification.

28. A prospective class must meet certain requirements. An identifiable class must exist, and the named representative must be a member of the class. The remaining five requirements originate in Rule 23(a) and (b): (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Finally, in addition to the prerequisites of Rule 23(a), a party seeking class certification must show that the class action is maintainable under Rule 23(b).

29. **Numerosity.** Proposed classes with hundreds of members are routinely held to satisfy the numerosity requirement. In determining whether to certify a class, it is not necessary for a court to know the precise number of class members. Rather, the court may rely upon reasonable inferences drawn from the known facts. Here, the Class is so numerous that joinder of all members would be impracticable. The exact size of the Class and the identity of the members are readily ascertainable from Defendant's business records and other records and likely number in at least the tens of thousands. Defendant makes millions of calls a year.

30. **There are questions of law or fact common to the class.** There are questions of law and fact common to the proposed Classes. Traditionally, it has been the rule that to satisfy the commonality requirement, only one single issue that is common to all members of the class is required, not multiple issues. The common questions herein include, *inter alia*:

   i. Did Plaintiff receive a prerecorded call from Capital One?
   ii. Were the calls for an emergency purpose?
   iii. Were Capital One's actions willful or knowing?
   iv. Are class members entitled to the statutorily mandated relief?

   v.  Does liability attach to Capital One's wrong number calls?

Common answers to these questions will drive the resolution of the litigation.

31.  **Typicality**. Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of the claims or defenses of the class. This requirement seeks to ensure that the interests of the named representatives align with the interests of the members of the proposed class. A named plaintiff's claim is typical if the claim arises from the same practice, event or course of conduct giving rise to the other class members claims and claims are based on the same legal theory. Plaintiff's claims herein are typical of those of the Class he seeks to represent. Plaintiff's and the Class members claims arise from the same conduct of Defendant, improper prerecorded calls. There are no unique issues or defenses to Plaintiff's claims. Plaintiff's interests align with members of the Class.

32.  **Adequacy.** The named representatives must have common interests with the unnamed members of the class, and it must be apparent that the named representatives will vigorously prosecute the interests of the class through qualified counsel.  Plaintiff is an adequate representative of the Class because his interests are common with the interests of the Class, and he will fairly and adequately protect the interests of the Class by pursuing this matter. Plaintiff is represented by counsel competent experienced in TCPA and class action litigation.

33.  **The Class Is Clearly Defined and its Members Identifiable**. A class is sufficiently ascertainable when class members can be identified based on objective criteria.  The Class is ascertainable using objective criteria. Herein, methods to be used to identify prerecorded calls to non-customers include Defendant's own records. Using Defendant's call logs, customer records, reverse lookup procedures and various other techniques, class members can be identified in an efficient way. Similar classes have been found to be readily ascertainable and have been recently certified. See, *Brown v. DirecTV, LLC*, 2021 WL 5755044 (C.D. Cal. Dec. 1, 2021), *Wesley v. Snap Fin., LLC*, 2022 WL 1135793 (D. Utah Apr. 18, 2021); and *Head v. Citibank, N.A.*, 340 F.R.D. 145 (D. Ariz. 2022) (The Court will join the other courts that have certified TCPA wrong number cases).

34. **Rule 23(b)(3) issues**. The questions of law and fact common to the class members predominate over questions affecting only individual members. A class action is superior to multiple individual suits because it conserves judicial resources, promotes consistency and efficiency of adjudication and deters illegal activities. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Managing this case as a class action should have no significant difficulties. It will prevent inconsistent results.

35. The law applicable to each putative class member is identical. The facts are too. Ultimately, the basic questions in this case are the same for all Class members-did Capital One call them using an artificial voice or recorded call. Precedent demonstrates these questions can be litigated as a class.

## FIRST CAUSE OF ACTION

### Violations of 47 U.S.C. § 227(b) & 47 C.F.R. 64.1200(a)(1)

### (On Behalf of Plaintiff and the Prerecorded Call Class)

36. Defendant's use of an artificial voice or prerecorded voice to contact Plaintiff and members of the Prerecorded Calls Class violated 47 U.S.C. § 227(b) and 47 C.F.R. 64.1200(a)(1).

37. As a result of Defendant's violations of 47 U.S.C. § 227(b) and 47 C.F.R. 64.1200(a)(1), Plaintiff and members of the Prerecorded Calls Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Because Defendant knowingly and willfully violated 47 C.F.R. 64.1200(a)(1), the Court should treble the $500.00 per-call award to $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B)-(C).

39. Plaintiff and members of the Prerecorded Calls Class are also entitled to injunctive relief prohibiting Defendant from using an artificial voice and prerecorded voice when making calls without the prior consent of the called party.

**RELIEF REQUESTED**

Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

 A. Certification of the proposed Class.

 B. Appointment of Plaintiff as class representative.

 C. Appointment of the undersigned as counsel for the Class.

 D. An order enjoining Defendant from using an artificial voice or prerecorded call to non-customers who have not provide their number to Capital One.

 E. An award of damages to Plaintiff and the Class as allowed by law; and

 F. Orders granting such other relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the Complaint so triable.

Dated: August 8, 2022

 Respectfully Submitted,

/s/ *Caleb Dyer*
Caleb Dyer, VSB #96091
LawHQ, PC
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090
caleb.dyer@lawhq.com

*Attorney for Plaintiff*